## PICO v. WEBSTER.

An action brought by an agent, in his own name, for a trespass, in taking and converting coin from the possession of the agent, in which action the jury found that the coin belonged to the principal, and gave only nominal damages, is no bar to an action by the principal for such coin.

APPEAL from the Fifth District, County of San Joaquin.

A statement of facts appears in the opinion of the Court.

*Hall & Huggins* for Appellant.

*Bridges & Hall* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

This action was for the forcible taking and conversion of an amount of gold coin, the property of plaintiff, and taken from his possession by the defendant. The defendant answered, denying generally the allegations of the complaint, and setting up for further answer, that one Brodie had before sued and recovered judgment for one dollar on the

same identical cause of action ; that Brodie was the agent of Pico ; that suit was brought at the instance of Pico and for his benefit ; that the jury in this case of Brodie, found, among other things, that the money sued for was taken by Webster from the possession of Brodie ; that the money was the money of Pico, and that Pico was a delinquent tax-payer of San Joaquin county, and that, by this taking, the plaintiff, Brodie, sustained damages to the amount of one dollar, for which judgment was rendered.   The answer avers that the gold coin was, in truth, and in fact, the property of the plaintiff (Pico) at the time it was seized by defendant, and was in the custody of Brodie, his agent, and the judgment inured to his (Pico's) benefit and use.

The testimony was brief : Brodie was examined as a witness, and he swore that he believed that the money taken from Webster was his own ; that he was the agent and attorney, in fact, of Pico, and this money was a part of the proceeds of sale of Pico's land, and he claimed the money by virtue of some arrangement with Pico ; that since the trial of the suit brought by himself, he did not believe that he was the owner of the money ; that the first suit was brought by him for the money as his own property, and for his own benefit, and not on Pico's account or for his use.

The plaintiff introduced the record of recovery in the case of Brodie against Webster, showing the facts before recited.   The record showed that the jury found that the money was the property of Pico. There is no pretense that Webster had any authority to seize the money, but the seizure seems to have been a naked trespass.

The fact that Brodie was the agent of Pico, and that the money came from the sale of Pico's land, even against the assertion of Brodie that he believed when he brought his suit that he was the owner of the money, was evidence to go to the jury as to the right, even if the record introduced by the defendant himself to support his own averment in his answer, that Pico was the owner, was no evidence of Pico's ownership.   The defendant contends it was no evidence, because the general denial in the answer put in issue are the allegations of the complaint—this of the ownership among others—and that the special defense, already set out, averring Pico's ownership, is no admission of any of the facts therein stated.   It is not necessary to controvert this

position ; for, if it be true, it can scarcely be maintained that the evidence introduced by the defendant himself of the facts in this special defense does not tend to prove the facts which that evidence asserts—at least as against the party offering the evidence. We think there *was* evidence which the jury might consider of the fact of the ownership of Pico.

There was no evidence—certainly no conclusive proof—that the suit of Brodie was brought at the instance or for the use of Pico. The failure of Brodie's suit, therefore, especially on the ground that the money belonged to Pico, was no bar to the action of Pico. It would present a strange anomaly if a suit were brought by one and defeated on the ground that the property belonged to another, and then the other sued, if the last suit were defeated on the ground that the first suit concluded the last plaintiff.

There was no error to the prejudice of the appellant in the instructions, and the Court did not err in refusing a new trial.

Judgment affirmed.